IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY GAINES (Dallas Cnty. Jail Bookin No. 19045055), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-2715-C-BN |
| DALLAS COUNTY, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Barry Gaines, detained pretrial at the Dallas County jail, filed a *pro se* case against the County concerning the medical care that he has received while detained at its jail. *See* Dkt. No. 3.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

On November 18, 2019, the Court issued interrogatories to screen Gaines's claims [Dkt. No. 5] and entered a Notice of Deficiency and Order Regarding Filing Fee [Dkt. No. 4], advising Gaines that the Court will not screen his claims (and thereby allow his case to progress) until he either pays the filing fee or moves for leave to proceed *in forma pauperis* ("IFP") under the Prison Litigation Reform Act (the "PLRA") (the "NOD"). The NOD cautioned Gaines that "[f]ailure to either pay the full filing fee or file a proper IFP motion supported by a completed and verified CTA by **December**

**19, 2019** will result in a recommendation that the complaint be dismissed for failure to prosecute." Dkt. No. 4 at 2 (citing FED. R. CIV. P. 41(b)); *see also* Dkt. No. 5 at 1 (as to the interrogatories, warning Gaines that "[f]ailure to provide complete and verified answers to all questions [by December 19, 2019] may result in the dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b)").

The NOD further cautioned Gaines that, as the PLRA

> applies to his case, under the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015).

Dkt. No. 4 at 2.

It is now more than two months past the deadline to provide verified answers to the interrogatories and to comply with the NOD, and Gaines has failed to file answers, pay the filing, or move for leave to proceed IFP.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Legal Standards and Analysis**

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not answering the interrogatories and by neither paying the filing fee nor moving for leave to proceed IFP, Gaines has prevented this action from proceeding. And, by so doing, he has failed to prosecute this lawsuit and also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as

Gaines decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE